IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTEK BIOSCIENCES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 03-896-GMS |
| | ) | |
| NUTRINOVA INC., NUTRINOVA NUTRITION SPECIALTIES & FOOD INGREDIENTS GMBH, and LONZA LTD., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) ) | |

**JURY VERDICT FORM**

## INFRINGEMENT

We, the jury, unanimously find as follows:

Question No. 1:

Do you find that Martek has proved, by a preponderance of the evidence, that Lonza literally infringes any of the following claims of U.S. Patent No. 5,340,594 ("the '594 patent")?

Answer "Yes" or "No."

|   | Yes (For MARTEK) | No (For LONZA) |
|---|---|---|
| Claim 1 | Yes | |
| Claim 3 | Yes | |
| Claim 7 | Yes | |

If you find that Martek has not proved, by a preponderance of the evidence, that Lonza literally infringes any of the following claims of U.S. Patent No. 5,340,594, do you find that Lonza infringes any of the following claims under the doctrine of equivalents?

Answer "Yes" or "No."

|   | Yes (For MARTEK) | No (For LONZA) |
|---|---|---|
| Claim 1 | | |
| Claim 3 | | |
| Claim 7 | | |

Question No. 2:

Do you find that Martek has proved, by a preponderance of the evidence, that Lonza's importation or sale of its DHA made by Lonza's Process #1 literally infringes of the asserted claims of U.S. Patent No. 6,410,281 ("the '281 patent")?

Answer "Yes" or "No."

                Yes                No
          (For MARTEK)    (For LONZA)

       **Yes**

If you find that Martek has not proved, by a preponderance of the evidence, that Lonza literally infringes any of the asserted claims of U.S. Patent No. 6,410,281, do you find that Lonza's importation or sale of its DHA made by Lonza's Process #1 infringes any of the asserted claims under the doctrine of equivalents?

Answer "Yes" or "No."

                Yes                No
          (For MARTEK)    (For LONZA)

Question No. 3:

Do you find that Martek has proved, by a preponderance of the evidence, that Lonza's importation or sale of its DHA made by Lonza's Process #2 literally infringes any of the asserted claims of U.S. Patent No. 6,410,281 ("the '281 patent")?

Answer "Yes" or "No."

        Yes                     No
(For MARTEK)      (For LONZA)

                                   **No**

If you find that Martek has not proved, by a preponderance of the evidence, that Lonza's importation or sale of its DHA made by Lonza's Process #2 literally infringes any of the asserted claims of U.S. Patent No. 6,410,281, do you find that Lonza infringes any of the asserted claims under the doctrine of equivalents?

Answer "Yes" or "No."

        Yes                     No
(For MARTEK)      (For LONZA)

**Yes**

- 4 -

Question No. 4:

Do you find that Martek has proved, by a preponderance of the evidence, that Lonza has literally infringed any of the following claims of the U.S. Patent No. 6,451,567 ("the '567 patent")?

Answer "Yes" or "No."

|  | Yes (For MARTEK) | No (For LONZA) |
|---|---|---|
| Claim 1 | Yes | |
| Claim 4 | Yes | |
| Claim 5 | Yes | |
| Claim 7 | Yes | |
| Claim 10 | Yes | |
| Claim 11 | Yes | |
| Claim 14 | Yes | |

NYJD-1640783v1

## WILLFULNESS

Question No. 5

If you answered "Yes" to Question No. 2, do you find that Martek has proved, by clear and convincing evidence, that Lonza's infringement of Martek's U.S. Patent No. 6,410,281 was willful?

If you answered "No" to Question No. 2, skip this question and go to Question 6.

Answer "Yes" or "No".

    Yes            No
(For MARTEK)   (For LONZA)
__Yes__         _____

## PRIORITY DATE – '594 PATENT

Question No. 6:

Do you find that Lonza has proved, by clear and convincing evidence, that the asserted claims of U.S. Patent No. 5,340,594 ("the '594 patent") are not entitled to the benefit of the September 7, 1988 priority date of Martek's U.S. Patent Application No. 241,410 ("the '410 application") (DTX 607)?

Answer "Yes" or "No."

          No                  Yes
(For MARTEK)    (For LONZA)
    NO

- 7 -

NYJD-1640783v1

## ANTICIPATION – '594 PATENT

Question No. 7:     N/A

If you answered "Yes" to Question No. 6, do you find that Lonza has proved, by clear and convincing evidence, that any of the asserted claims of the '594 patent are invalid as anticipated by Dr. Long's 1989 published patent application, PCT Publication No. WO/00606 (DTX 797)?

Answer "Yes" or "No."

|  | No (For MARTEK) | Yes (For LONZA) |
|---|---|---|
| Claim 1 of the '594 Patent | _____ | _____ |
| Claim 3 of the '594 Patent | _____ | _____ |
| Claim 7 of the '594 Patent | _____ | _____ |

## PRIORITY DATE – '567 PATENT

<u>Question No. 8</u>:

Do you find that Lonza has proved, by clear and convincing evidence, that the asserted claims of U.S. Patent No. 5,340,594 [handwritten: 567] ("the '594 patent" [handwritten: 567]) are not entitled to the benefit of the September 7, 1988 priority date of Martek's U.S. Patent Application No. 241,410 ("the '410 application") (DTX 607)?

Answer "Yes" or "No"

            No            Yes
   (For MARTEK)   (For LONZA)

    __No__          _____

## ANTICIPATION – '567 PATENT

Question No. 9: 

If you answered "Yes" to Question No. 8, do you find that Lonza has proved, by clear and convincing evidence, that any of the asserted claims of the '594 patent are invalid as anticipated by Martek's prior published U.S. Patent No. 5,130,242 (DTX 601) or Dr. Barclay's Canadian Patent Application 2,072,978 (DTX 799)?

Answer "Yes" or "No"

|  | No (For MARTEK) | Yes (For LONZA) |
|---|---|---|
| Claim 1 of the '567 Patent | | |
| Claim 4 of the '567 Patent | | |
| Claim 5 of the '567 Patent | | |
| Claim 7 of the '567 Patent | | |
| Claim 10 of the '567 Patent | | |
| Claim 11 of the '567 Patent | | |
| Claim 14 of the '567 Patent | | |

NYJD-1640783v1

## ENABLEMENT – '567 PATENT

Question No. 10:

Do you find that Lonza has proved, by clear and convincing evidence, that any of the following claims of Martek's U.S. Patent No. 6,451,567, are invalid for lack of enablement?

Answer "Yes" or "No".

|  | No (For MARTEK) | Yes (For LONZA) |
|---|---|---|
| Claim 1 of the '567 Patent | No | |
| Claim 4 of the '567 Patent | No | |
| Claim 5 of the '567 Patent | No | |
| Claim 7 of the '567 Patent | No | |
| Claim 10 of the '567 Patent | No | |
| Claim 11 of the '567 Patent | No | |
| Claim 14 of the '567 Patent | ~~fat.~~ No | |

- 11 -

NYJD-1640783v1

## UNANIMOUS VERDICT

### UPON REACHING A UNANIMOUS VERDICT ON EACH VERDICT FORM, THE FOREPERSON MUST SIGN AND DATE BELOW

Date: October __23__, 2006

REDACTED