IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARTEK BIOSCIENCES CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NUTRINOVA INC., NUTRINOVA ) <br> NUTRITION SPECIALITIES & FOOD ) <br> INGREDIENTS GmbH, and LONZA LTD., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 03-896-GMS |

## LONZA'S OPPOSITION TO MARTEK'S MOTION TO STAY LITIGATION PENDING REEXAMINATION

Defendant's Nutrinova, Inc. et al. (collectively "Lonza") respectfully oppose Martek's request to stay this litigation pending reexamination of the '244 patent. Martek's complete about-face at this juncture in the case, where fact discovery will close at the end of the month and expert discovery will close just three months later, is odd given that just a few months ago, Martek's counsel told this Court that a stay pending reexamination was unwarranted: "We think that [a stay] would be a very bad idea. We think that would be a very unfair idea." (D.I. 362 - March 15, 2010 Scheduling Conference Tr. at 4:24-25).

Indeed, this case has been pending for years and a resolution on the merits draws nearer. Freezing the case while Martek attempts to overcome the Patent Office's rejection of all of the '244 patent claims will only serve Martek's objective of keeping Lonza off the market by maintaining this litigation as long as possible. If Martek were serious about wanting to allow the Patent Office (the "experts" according to Martek) decide the validity of the '244 claims, it would withdraw this case in favor of whatever claims emerge from the reexamination. But Martek has

refused to do so. As discussed below, a stay (potentially lasting for years, including appeals) would severely and unfairly prejudice Lonza. Martek's motion should be denied.

I. **Procedural Background**

This case was originally brought by Martek in 2003. Martek added the '244 patent in 2005, but stipulated in April 2006 that Lonza did not infringe that patent, as construed by this Court. (D.I. 163). On appeal, the Federal Circuit adopted a different construction of the claim term "animal" as used in the '244 patent and remanded the case to this Court for further proceedings. Litigation with respect to other Martek patents has concluded, leaving the '244 patent as the sole patent in dispute.

On January 5, 2010, Lonza requested that the Patent Office reexamine the '244 patent. The Patent Office granted the reexamination request on March 8, 2010, based on multiple "substantial new questions" of patentability, including double patenting.

On March 15, 2010, this Court held a scheduling conference, during which Lonza urged that the district court action proceed, especially with the potentially case dispositive issue of invalidity based on double patenting. Martek also advocated proceeding with discovery, stating that a stay pending the reexamination would be "a very bad idea." (D.I. 362 - March 15, 2009 Hearing Tr. at 4:23-25) Thus, no party requested a stay at the scheduling conference.[1]

On August 5, 2010, the Patent Office issued a formal office action in the reexamination, rejecting all of the '244 patent claims on multiple grounds, including double patenting.

---

[1] During the earlier December 4, 2009 status conference, Lonza raised the issue of a stay and ultimately agreed to a *limited* stay of two months, until the Patent Office decided whether to initiate reexamination proceedings. As of March 2010, Lonza believed that the quickest and most efficient path forward was a resolution of the double patenting issue by this Court.

Fact discovery is now slated to close September 30, 2010, with expert discovery ending December 31, 2010.

### II. Martek's Motion for a Stay Pending Reexamination is Not Justified

The decision whether to grant or deny a stay is within this Court's discretionary powers. *Cognex Corp. v. National Instruments Corp.*, 2001 WL 34368238 at *1 (D. Del. 2001) (denying plaintiff-patentee's request for stay pending reexamination).[2]

Typically, courts consider the following factors to evaluate a request for a stay (*Id.*):

(1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-movant;

(2) whether a stay will simplify the issues raised by the parties; and

(3) whether discovery is complete and a trial date has been set.

In balancing these factors, "courts must be particularly mindful of the consequences of the stay on the other parties." *Id.*

#### A. A Stay Would Unduly Prejudice Lonza

##### 1. By Maintaining this Lawsuit, Martek is Effectively Keeping Lonza Off the Market

The stay requested by Martek would unfairly and unduly prejudice Lonza. As Martek fully appreciates, maintaining the present litigation against Lonza has a similar effect as an injunction, because would-be customers are deterred from doing business with Lonza. Accordingly, at the March 2010 scheduling conference, Lonza requested a prompt resolution of the case, while Martek urged a more protracted schedule. Now, with discovery set to close

---

[2] The cases relied upon by Martek fail to address the unusual situation here, where the patentee is seeking to stay its own infringement action pending a reexamination initiated by the accused infringer.

shortly, Martek seeks to extend the duration of this litigation yet further. None of Martek's arguments justify a stay.

Martek engages in scare tactics, suggesting that the issues in this case are "complex" and "multifaceted," justifying deference to the Patent Office. (D.I. 377 - Martek Mem. at 3-4). On the contrary, as patent cases go, this one is simple and straightforward, with one patent having method of use claims directed to raising and feeding animals fatty acids derived from a particular type of algae.

Martek makes much of the number of prior art references and combinations currently relied upon by Lonza. (D.I. 377 - Martek Mem. at 4). However, that is typical of patent cases in the discovery phase and not an indication of the prior art and combinations that will ultimately require the Court's attention. Similarly, the potentially case dispositive double patenting issue is an issue of law, which district courts have addressed many times on summary judgment. *See e.g., Sun Pharmaceutical Industries, Ltd. v. Elli Lilly & Co.*, 611 F.3d 1381 (Fed. Cir. July 28, 2010) (affirming summary judgment of invalidity based on double patenting). Martek's suggestion that the Patent Office is "uniquely designed" to analyze validity matters (D.I. 377 - Martek Mem. at 4) is a slight upon this Court, which is perhaps the most experienced in this area.

The height of irony is that Martek, which just months ago maintained that this case was best suited for a jury composed of non-experts (D.I. 362 - March 15, 2009 Hearing Tr. at 12:14-15), now suddenly purports to believe that the validity of its patent is best resolved with the Patent Office's "expertise." (D.I. 377 - Martek Mem. at 4). The motivation for Martek's change of heart is readily apparent: to extend the pendency of this litigation as long as possible.

Allowing that to happen would unfairly and unduly prejudice Lonza by continuing to keep Lonza off the market through the *in terrorem* effect of the present lawsuit.

## 2. A Stay Would Give Martek A Tactical Advantage.

Staying this case pending the reexamination would give Martek an unfair tactical advantage. Martek is clearly concerned about invalidity of the asserted '244 patent claims based on the legal issue of double patenting, especially now that the Patent Office has rejected the claims on that basis (D.I. 377 - Martek Mem. at 4, 6).[3] Deciding the double patenting issue in this Court would give Lonza a full opportunity to participate in all of the briefing here and in the Court of Appeals. In the '244 patent *ex parte* reexamination, Lonza is not able to participate, beyond making its initial request.[4] Nor would Lonza be able to participate in, or bring, any appeal from an adverse ruling in the reexamination. Thus, a stay would give Martek an unfair tactical advantage by shifting the consideration of the double patenting defect in the '244 patent away from a forum in which Lonza can participate.

By availing itself of its statutory right to challenge validity of the '244 patent to the attention of the PTO through an *ex parte* reexamination, Lonza should not have to forfeit the opportunity to have this Court address the double patenting issue or participate in any potential appeals pertaining to that issue.

---

[3] Martek's argument that Lonza should have raised its double patenting defense earlier (Martek Mem. at 6) is completely spurious. Since Martek stipulated in 2006 that the '244 patent was not infringed (D.I. 163), the issue of validity did not come into play until recently, when the Federal Circuit remanded for further proceedings based on a different claim construction.

[4] See 37 C.F.R. § 1.535 ("If the patent owner does not file a statement under § 1.530 [Martek did not], no reply or other submission from the *ex parte* reexamination requester will be considered." Requesting an *inter partes* reexamination, in which Lonza could have been an active participant, was not an option given the '244 patent's application filing date of June 7, 1995. Although an *inter partes* reexamination affords a third party requester broader rights to participate in the proceeding, it only applies to patents having an application filing date on or after November 29, 1999. *See* 37 C.F.R. § 1.913.

### 3. Resolution of the Reexamination, Including Appeals, Could Take Years.

Martek's assertion that a stay would not result in "indefinite delay" (D.I. 377 - Martek Mem. at 6) provides little solace. The '244 patent expires in December 2014. Even if the Patent Office acts with "special dispatch," there is no guarantee that the issue will be resolved any time soon, particularly when taking into account potential appeals to the Patent Office Board of Appeals and Federal Circuit. Resolution of the reexamination, including potential appeals, will take years, not months.[5] Waiting additional years to reach a final resolution of this case is the likely result of a stay and would unduly prejudice Lonza.

### B. A Stay Will Not Necessarily Simplify the Issues For Trial

Martek's speculation that the reexamination may simplify the issues for trial does not justify a stay. Martek suggests (without committing) that it may amend its claims currently under rejection, but that possibility always exists in every reexamination proceeding.[6] While Martek invokes Patent Office statistics showing the odds of amended claims emerging from reexamination (D.I. 377 - Martek Mem. at 7), that data is based on an amalgam of reexaminations conducted as far back as 1981 and does not speak to what will happen here and now. Moreover, Martek's suggestion that all claims could be cancelled (D.I. 377 - Martek Mem. at 8) is belied on the very statistics upon which Martek relies, which indicate that the "all claims

---

[5] According to law professor Dennis Crouch, the average reexamination pendency is 33.5 months (median 28.5 months. *See* http://www.patentialyo.com/patent/2008/ex-parte-reexam.html (as of 9/3/2010). According to this source, the Patent Office's reported reexamination pendency statistics underestimate the actual time, because of the inclusion of reexaminations in the 1980s and 1990s, which had much lower pendency than more recent numbers. *Id.*

[6] Similarly, inconsistent results stemming from determination by the Patent Office and a district court are always a theoretical possibility. (D.I. 377 - Martek Mem. at 8). Indeed, as stated in *Ethicon v. Quigg*, 849 F.2d 1422, 1428-1429 (Fed. Cir. 1988): "The awkwardness presumed to result if the Patent Office and court reach different conclusions is more apparent than real." As the Court explained, the two forums apply different legal standards to the determination of validity, making different results between the two forums "entirely reasonable." *Id.*

cancelled" outcome occurs in only 13% of all *ex parte* reexaminations requested, as here, by a third party.

Lost in Martek's arguments is any acknowledgement that the reexamination, including any subsequent appeal to the Patent Office Board of Appeals and Federal Circuit, could take years. If Martek really wanted to forego litigating the present claims in the '244 patent in favor of any claims that might come out of the reexamination in the future, Martek would argue to dismiss the current case. Instead, despite a request by Lonza's counsel, Martek has refused to do so. That failure exposes Martek's request for a stay for what it is – a dilatory litigation tactic that should be rejected.

### C. Discovery Will Be Completed in 4 months.

Discovery in this case is set to close within weeks and expert discovery will be completed by December 31, 2010. Lonza has already incurred substantial costs in responding to Martek's extensive document requests. Given the nature of the case, and since some discovery was already undertaken years ago in connection with the first trial between the parties, few depositions are anticipated.

Martek's excuse for not moving for a stay earlier is thin. While Martek contends that it was not until August 5, 2010 when the Patent Office rejected the '244 patent claims, the direction of the Patent Office should have been clear to all on March 8, 2010, when the Patent Office found substantial new questions of patentability based on over 20 grounds, including double patenting.

Having come this far, Lonza should have the opportunity to clear the cloud over its business and demonstrate to this Court (and its potential customers) without further delay that the asserted claims are invalid.

7

### III. Conclusion

Martek was correct in representing to this Court in March 2010 that a stay pending reexamination "would be a very bad idea." For this and the foregoing reasons, Lonza respectfully requests that this Court deny Martek's motion for a stay of this litigation pending the entirety of the '244 patent reexamination.

Dated: September 10, 2010   By:   /s/ Stephen J. MacKenzie
Stephen J. MacKenzie (DE No. 4791)
WOMBLE, CARLYLE, SANDRIDGE &
   RICE PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320

*Counsel for Defendants/Counterclaim Plaintiffs, Nutrinova Inc., Nutrinova Nutrition Specialties & Food Ingredients GmbH, and Lonza Ltd.*

*Of Counsel:*

Paul J. Zegger
Rachel H. Townsend
SIDLEY AUSTIN LLP
1501 K Street, NW.
Washington, D.C. 20005
(202) 736-8000

Susan Shaw McBee
BAKER, DONELSON, BEARMAN,
   CALDWELL, BERKOWITZ, PC
555 Eleventh St., NW.W., 6th Floor
Washington, DC 20004
(202) 508-3400